**MARK TWAIN ST. JOSEPH'S HEALTHCARE CORPORATION, Plaintiff–Appellant,**

v.

**Mike LEAVITT,\* Secretary of the Department of Health and Human Services, Defendant–Appellee.**

No. 04–15092.

D.C. No. CV–F–02–6481–AWI–LJO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Nov. 17, 2005.

Thomas J. Weiss, Law Offices of Thomas J. Weiss, Los Angeles, CA, for Plaintiff–Appellant.

---

\* Mike Leavitt is substituted for his predecessor, Tommy G. Thompson, as Secretary of the Department of Health and Human Services pursuant to Fed. R.App. P. 43(c)(2).

Kirk E. Sherriff, Office of the U.S. Attorney, Fresno, CA, for Defendant–Appellee.

Before D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM\*\*

1. The finding of the Provider Reimbursement Review Board (PRRB) that the overpayment of Medicare reimbursements to Mark Twain St. Joseph's was due to an administrative error, rather than a recalculation of the hospital specific rate (HSR), was supported by substantial evidence, and its decision was not arbitrary, capricious, or contrary to law. *See Community Hosp. of the Monterey Peninsula v. Thompson*, 323 F.3d 782, 789 (9th Cir.2003).

2. The Notice of Reopening issued by the Intermediary in October 1998, as to fiscal years 1994 and 1995, was a timely reopening to correct an administrative error under 42 C.F.R. § 405.1885. *See Foothill Presbyterian Hosp. v. Shalala*, 152 F.3d 1132, 1135 (9th Cir.1998) (noting that reopening of a cost report is governed by 42 C.F.R. § 405.1885.).

3. Because the Notice of Reopening did not modify the originally calculated HSR, the finality provisions of 42 C.F.R. §§ 412.71–72 were not implicated.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.